**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|                          |   |                                |
|--------------------------|---|--------------------------------|
| MICHAEL ELLIS,           | : | CIVIL ACTION NO. 05-1492 (MLC) |
|         Plaintiff,       | : | **MEMORANDUM OPINION**         |
|         v.               | : |                                |
| JOSEPH MONDELLO, et al., | : |                                |
|         Defendants.      | : |                                |

**COOPER, District Judge**

The plaintiff (1) is a prisoner, (2) applies to proceed in forma pauperis, and (3) brings an action for relief under 42 U.S.C. § ("Section") 1983. Based on the plaintiff's affidavit of indigence and absence of three qualifying dismissals, the Court will (1) grant the in forma pauperis application, and (2) direct the Clerk of the Court to file the complaint. See 28 U.S.C. § 1915(a),(g).

The Court must (1) screen the complaint, and (2) dismiss it sua sponte if, inter alia, it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) & 1915A(a)-(b). The Court will dismiss the complaint.

                            **BACKGROUND**

The plaintiff appears to be incarcerated as a result of a state court conviction that has not been set aside. He alleges

the defendants, three of whom are police officers in Trenton, New Jersey:

> racially profiled against me, an African-American male. [They] violated my constitutional rights under the IV, V, VI, VIII, XIV Amendment.  They violated my civil rights by not allowing me to leave when I was not under arrest and forced me to stay at there [sic] location without probable cause.  All because I am black.

(Compl., at ¶ 6).  He also alleges:

> The Chief of the Trenton Police Department violated my constitutional rights by allowing the Trenton Police Officers to racially profile against African-American males for quite some time.  They use selective enforcement against African-American males who fit the so-called "Drug Dealer Type."

(Id.)  He seeks the following relief:

> I want the Court to allow me to sue the City of Trenton, the Chief of Police, [and] the three officers involved in my case.  I want an investigation into racial profiling against African-American males in Trenton.  My suppression hearing should have been granted under the law and my conviction should be thrown out.  The Judge in my case allows this racial profiling to continuously go on and the court make [sic] biased decisions and rulings against African-American males.

(Id. at ¶ 7.)  For this review, the Court "accept[s] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view[s] them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## DISCUSSION

A pro se complaint may be dismissed for failure to state a claim if it appears beyond doubt that no set of supporting facts

2

can be shown that would entitle the plaintiff to relief.  See Haines v. Kerner, 404 U.S. 519, 521 (1972); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

I.   **No Cognizable Claim Under Section 1983**

The Third Circuit has recently analyzed actions brought under Section 1983 for false arrest due to racial profiling.  See Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, No. 04-1847, 2005 WL 1393752 (3d Cir. June 14, 2005).  Specifically, the Third Circuit discussed whether — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — such actions accrue on the date of the plaintiff's arrest or the date of accrual is deferred until the plaintiff's conviction is set aside.  Gibson, 2005 WL 1393752, at *16-*18.  That analysis is instructive:

> [U]nder Heck, a district court is required only to make a threshold determination as to whether a plaintiff's § 1983 claim, if successful, would have the hypothetical effect of rendering the criminal conviction or sentence invalid. . . . If a judgment for [the plaintiff] on his false arrest claim would necessarily imply the invalidity of his conviction, [he] would be barred from bringing his cause of action until his conviction was overturned . . . .  To prevail on his § 1983 claim for false arrest and imprisonment, [he] would have to demonstrate that his arrest was without legal justification.
>
> Viewing the evidence in the light most favorable to [the plaintiff], his car was stopped because of a pattern and practice of racial profiling, not because police had reasonable suspicion to believe a crime was being committed.  Generally, the absence of reasonable suspicion renders a stop unlawful, and evidence obtained from that unlawful stop excludable.  [The plaintiff] was arrested when the [defendants] discovered drugs during the subsequent search of the car.  These drugs were the

3

> only evidence supporting the drug charges against [him]. Thus, success on his § 1983 claim for false arrest would "necessarily imply" that he was improperly convicted. . . . . [S]ituations . . . where the only evidence supporting the conviction is tainted by a possible constitutional violation that is the subject of a § 1983 action, are perhaps the quintessential example of when the Heck deferred accrual rule is triggered. . . . [The plaintiff's] alleged injury was based on evidence derived from an improper stop. In other words, his actual, compensable injury was the "injury" of being convicted and imprisoned, which was not actionable until the conviction was overturned.

Gibson, 2005 WL 1393752, at *18 (cites and quotes omitted). See Heck, 512 U.S. at 486-87 (stating damages claim challenging conviction that is not invalidated not cognizable under Section 1983, and thus complaint to be dismissed if judgment for plaintiff would necessarily imply invalidity of conviction or sentence).

The plaintiff's allegations — that he was falsely arrested and convicted as a result of racial profiling — thus are not cognizable under Section 1983. A finding in his favor would necessarily imply the invalidity of — and comprise an improper collateral attack on — his conviction. See Gibson, 2005 WL 1393752, at *16 & *18. Therefore, the complaint will be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

**II. Other Fatal Defects**

    **A. Request For Investigation**

The plaintiff seeks "an investigation into racial profiling against African-American males in Trenton." (Compl., at ¶ 7.)

4

Assuming the plaintiff seeks a federal investigation, he alleges no "duty owed to [him]" providing a jurisdictional basis for the Court to compel such action by an unspecified federal agency. 28 U.S.C. § 1361 (concerning power to compel federal-agency action). Also, assuming he seeks a state investigation, "[t]he federal courts . . . have no general power in a mandamus action to compel action . . . by state officials." In re Jones, No. 01-4312, 28 Fed.Appx. 133, 135 (3d Cir. Jan. 17, 2002). Thus, the complaint insofar as it seeks an investigation also is dismissible for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

    B.    **Objections To Denial Of Motion To Suppress And Conviction**

The plaintiff argues, in effect, his motion to suppress certain unspecified evidence should have been granted, and the judgment of conviction should be reversed. (Compl., at ¶ 7.) The order denying his motion to suppress and the judgment of conviction were both presumably entered in state court.

The proper means of seeking that type of review is not through an action brought under Section 1983. Rather, "[t]he proper means of seeking immediate release from confinement . . . is through a petition for writ of habeas corpus" — after all available state remedies have been exhausted — under 28 U.S.C. § 2254. Banda v. N.J., No. 05-1043, 2005 WL 1332613, at *1 (3d Cir. June 7, 2005). See Peay v. Massiah-Jackson, No. 04-4315,

2005 WL 1249216, at *1 (3d Cir. May 26, 2005) (stating challenge to proceedings leading up to conviction or fact of imprisonment not cognizable under Section 1983). Also, assuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Thus, the complaint insofar as it seeks review of the state court order and judgment also is dismissible for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

    **C. Lack Of Dates In Complaint**

The statute of limitations is an affirmative defense and, thus, subject to waiver by a defendant. Nonetheless, it may be considered sua sponte when a district court screens a complaint that is filed (1) by a plaintiff pro se, and (2) in conjunction with an in-forma-pauperis application. Bieregu v. Ashcroft, 259 F.Supp.2d 342, 355 n.11 (D.N.J. 2003); Johnstone v. United States, 980 F.Supp. 148, 153-54 (E.D. Pa. 1997).

The plaintiff has failed to list any dates for the alleged occurrences of racial profiling, thereby thwarting the Court's screening function. The Court, if not dismissing the complaint on other grounds, would have ordered the plaintiff to show cause why the complaint should not be dismissed as frivolous for

6

failure to provide dates in support of the allegations.  See 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).  See also Chatman v. Allegheny Cty., No. 05-2050, 2005 WL 1515091, at *1 (3d Cir. June 28, 2005) (stating district court properly dismissed complaint for, inter alia, same).

## CONCLUSION

The Court will dismiss the complaint for failure to state a claim on which relief may be granted.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge